HEARD NOVEMBER TERM, 1876.

COMMERCIAL INSURANCE AND BANKING COMPANY *vs.* TURNER.

Where the plaintiff alleges in its complaint that it is a banking corporation, doing busi-
ness in another State, and created under the laws of that State, and of the "Con-
gress of the United States of America," and the answer merely denies "each and
every allegation of the complaint," setting forth no objection to the action on the
grounds "that the plaintiff has not legal capacity to sue," or "that there is a de-
fect of parties plaintiff" as required by § 167 of the Code, the plaintiff will not
be required to prove at the trial its capacity to sue.

BEFORE CARPENTER, J., AT EDGEFIELD, MARCH, 1876.

This was an action by a plaintiff styling itself the Commercial
Insurance and Banking Company against J. L. Turner.

The action was at first brought in the name of "J. C. Fargo,
Cashier of the Commercial Insurance and Banking Company, Au-
gusta, Ga.," plaintiff. The defendant demurred, and answered the
complaint, and in June, 1875, the plaintiff obtained an order "that
the pleadings be amended so as to make the Commercial Insurance
and Banking Company plaintiff. An amended complaint was then
filed by the plaintiffs, the Commercial Insurance and Banking Com-
pany, alleging: "1. That they are a banking corporation, doing busi-
ness in the State of Georgia, and created under the laws of Georgia
and of the Congress of the United States of America; and in other
paragraphs setting forth a promissory note for $327.90, signed by
the defendant, payable to the order of T. W. Carwile & Co., and
endorsed by them in blank, and alleging that the note was the
property of the plaintiffs; that it had been protested for non-pay-
ment, and that no part thereof had been paid.

The answer of the defendant stated "that he denied each and
every allegation of said amended complaint," and asked that said
complaint be dismissed with costs.

At the trial T. W. Carwile was examined as a witness for the
plaintiffs. He testified that he was a member of the late firm of T.
W. Carwile & Co.; that the note sued upon was given to said firm
and transferred by them to plaintiffs for value; that he knew the
plaintiffs' place of business to be in Augusta, Georgia, and that he
had had frequent business transactions with them for several years.
The plaintiffs here closed, and defendant moved for a nonsuit upon
the grounds that the plaintiffs had not made out their case, and
that they had not proved that they were an incorporated banking
company by introducing the statute of Georgia under which they
claimed to be duly created, incorporated and doing business.

His Honor the presiding Judge overruled the motion, holding that as the defendant had not, in his answer, made the objection specifically, the plaintiffs were not bound to show that they were an incorporated company by introducing the statute.

The defendant's counsel excepted to the ruling, and, the case having been submitted to the jury, they found a verdict for the plaintiff.

The defendant afterwards appealed.

*Abney,* for appellant:

The respondent in this action failed to prove that it was duly incorporated, after alleging it in the amended complaint, which was denied. A motion by the appellant for nonsuit was made and refused by the Court. The appellant now submits that the motion should have been granted, and asks this Court to reverse the judgment.

The answer may contain a general or specific denial.—Code, § 172.

The general denial allowed by the Code corresponds very nearly with the general issue in actions of *assumpsit* and of debt on simple contract at common law.—*McKyring* vs. *Bull,* 16 N. Y., 297. "Its effect is to cast the burden of proof on the plaintiff."—*Texier* vs. *Gonin,* 5 Dwar., 389; *Academy of Music* vs. *Hackett.*

"The established doctrine now is that no Court takes judicial notice of the laws of a foreign country, but they must be proved as facts."—Story on Conflict of Laws, § 637.

. The best testimony of proof shall be produced which the nature of the thing admits of. This rule applies to the proof of foreign laws as well as other facts.—*Ib.,* § 639.

"The United States Bank has been held to be a foreign corporation, so that an exemplification of its charter must be produced to prove its corporate character; for of the Acts of Congress creating corporations, a State Court has no judicial knowledge."—Angell & Ames on Corp., § 633, 8th edition.

"In an action by a corporation, it must be prepared to show its evidence of incorporation."—*Ib.,* § 632.

If the respondent had been chartered under a private statute even of this State, the Courts would not take judicial notice of it unless it was referred to in the pleadings by its title and the day of its passage.—Code, § 186.

In England, and in some States of this country, the rule is that when a body corporate institutes legal proceedings, either on contract or to recover real property, it must at the trial under the general issue prove the *fact of incorporation*, unless, indeed, the Act of incorporation be a public Act, which the Courts are bound to notice *ex officio.*—Angell & Ames on Corp., § 632.

In some of the other States it is not required; but in those States, however, an exception is made in case of *foreign* corporations.—*Ib.*, § 633; *Society* vs. *Young*, 2 New Hamp., 310; *Lord* vs. *Bigelow*, 8 Vermont, 445; *Lewis* vs. *Bank of Kentucky*, 12 Ohio, 132; *Throop* vs. *Hatch*, 3 Abb., 23; *Phinney* vs. *Phinney*, 17 How., 197.

" Where a foreign corporation appears in Court it must establish its right to bring the suit and to make the contract it seeks to enforce."—Angell & Ames on Corp., § 633, n.

"A corporation in a foreign country may sue as such in the Courts of England, but they must prove that they are incorporated in that country; and it will be left to the jury to say whether the body so incorporated is the same which sues."—*National Bank of St. Charles* vs. *DeBernales*, 1 Carr. & P., 569.

In one case in South Carolina it was held doubtful whether a foreign corporation could even sue in this State in their corporate character.—*Vide Brown, Green & Co.* vs. *Minis*, 1 McC., 80. In a later case, however, *upon a copy of the Act of the Legislature of North Carolina incorporating the plaintiffs, duly authenticated, being produced*, the Court sustained the action.—*Vide The Bank of Cape Fear, endorsee,* vs. *Stinemetz, endorser*, 1 Hill, 44.

If the respondents had introduced in evidence a printed copy of the statutes of Georgia containing the statute whereby it was created, the statutes would have been presumptive evidence of the fact of incorporation.—See Rev. Stat., p. 678, § 441.

Whenever it appears that the evidence is insufficient to make out the plaintiff's case, or where there is total failure of proof for that purpose, it is the duty of the Judge to order a nonsuit whether the plaintiffs consent or not.—*Hopkins* vs. *DeGraffenreid*, 2 Bay., 441; *Brown* vs. *Frost*, 2 Bay., 126.

*Addison,* contra:

The defense set up is the general issue,—no positive denial of any of the allegations in the complaint. Under a general denial the

defendant cannot deny the legal capacity of plaintiff to sue, nor that there is a defect of parties plaintiff, nor that the plaintiff is not the real party in interest.—Voorhies' Code, page 215, c.   The rule is well established, that if in a suit brought by a corporation the defendant plead the general issue, it is an admission of the corporate existence of the plaintiff, which dispenses with all proof on their part to that point.—*Proprietors of Monumoir Great Beach* vs. *Rogers*, 1 Mass., 159 ; *Christian Society in Plymouth* vs. *Macomber*, 3 Metcalf, (Mass.,) 235; *School District* vs. *Blaisdell*, 6 New Hamp.; *Concord* vs. *McIntire*, 6 New Hamp., 527.

There is no rule of pleading, it has been said, more universal than that, by pleading to the merits, the defendant admits the capacity of the plaintiff to sue; and no reason can be shown why a corporation should be placed upon a different footing in this particular from a natural person.—*Prince* vs. *Commercial Bank of Columbus*, 1 Alabama, 241.

If the defendant desires to avail himself of an objection to the corporate existence or character of the plaintiff, he must give notice of his objection or he cannot avail himself of it.—*Proprietors of Monumoir Great Beach* vs. *Rogers*, 1 Mass., 159.

Though the fact of incorporation is to be proven, yet after a verdict in favor of the plaintiffs who sue as a corporation, the Court will presume that the fact of their being a corporation and capable of sueing in their aggregate capacity was conceded or proven at the trial.—*British Land, Co.* vs. *Ames*, 6 Met., (Mass.,) 391; *Williams* vs. *Bank of Michigan*, 7 Wend., (N. Y.,) 539.

The testimony on the trial of this cause was given by Thomas W. Carwile: That he was one of the members of the late firm of T. W. Carwile & Co., who formerly did business in Augusta, Ga.; knows the Commercial Insurance and Banking Company's place of business; had frequent business transactions with said bank for several years; their place of business is still in Augusta, Ga.; the defendant made the note in suit; knows the note now in suit to be the same note given to the late firm of T. W. Carwile & Co., and endorsed by them, and traded to plaintiffs for valuable consideration; that defendant was a merchant at Johnston, S. C.; had frequent business transactions with defendant; witness usually endorsed the paper of defendant and got the money from this bank; the defendant at that time was considered solvent—now insolvent.

It is not necessary to prove on the trial of the cause the existence of an incorporation unless the defendant shall have pleaded in

abatement or in bar that the plaintiffs are not a corporation.—*Proprietors Southhold* vs. *Horton*, 6 Hill, (N. Y.,) 501; 2 N. Y. Rev. Stat., 458.

February, 8, 1877. The opinion of the Court was delivered by

WILLARD, A. J. The amended complaint alleges that the plaintiffs are a banking corporation doing business in the State of Georgia, created under the laws of Georgia and of the Congress of the United States; that the defendant is indebted to them on a promissory note made by him. The defendant's answer is: "That he denies each and every allegation of said amended complaint" and demands a dismissal of the complaint. On the trial, a nonsuit was demanded, on the ground that the plaintiffs failed to introduce evidence showing that they possessed legal capacity to sue. The motion was refused, and this refusal is alleged to have been erroneous. Sections 170 and 171 of the Code require that certain matters of defense shall be set forth by demurrer or by answer, in order to be available to the defendant by way of defense. The matters thus referred to are embraced in Section 167, and are as follows: "That the plaintiff has not legal capacity to sue; or that there is a defect of parties plaintiff or defendant; or that several causes of action have been improperly united." If no such objection be taken, Section 171 declares that the defendant shall be deemed to have waived the same. The latter part of the Section allows the defenses of a want of jurisdiction and that the complaint does not state facts sufficient to constitute a cause of action to be raised by a general answer without being specifically pleaded. The clear intention of these Sections is that the defendant shall give, by his demurrer or answer, specific notice that he intends to rely on one or more of these specified defenses if he wishes to make them available. A general denial of all the facts alleged in the complaint is not a compliance with these requirements of the Code. The object of these provisions is to relieve the plaintiff from any necessity of preparing to meet such objections on the trial, unless notified by the pleadings that the defendant intends to rely on one or more of them.

The nonsuit was properly refused, and the appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.